THOMAS B. REYNOLDS, ESQ.
**REYNOLDS & HORN, P.C.**
750 Route 73 South
Suite 202A
Marlton, New Jersey 08053
(856) 988-7955
johnbannan@yahoo.com
Attorney for Defendant(s), Officer Kevin Craig, Officer Laura Winkel, City of Absecon Police Department, and City of Absecon

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ROHIT B. SURTI AND JAYSHRI R. SURTI,   :

                Plaintiffs,   :

vs.   :

                Civil No. 1:15-CV-3949
(RBK/AMD)
OFFICER KEVIN CRAIG, OFFICER LAURA   :
WINKEL, CITY OF ABSECON POLICE          **CONSENT DISCOVERY**
DEPARTMENT, CITY OF ABSECON, ET ALS.,:  **CONFIDENTIALITY ORDER**

                Defendants.   :

This matter having come before the Court at the request of Thomas B. Reynolds, Esq., of the law firm of Reynolds & Horn, P.C., attorneys for Defendants, Officer Kevin Craig, Officer Laura Winkel, City of Absecon Police Department, and City of Absecon, and counsel for the Plaintiffs, Robert D. Herman, Esq., and the parties having raised concerns with regard to the production of personnel files of employees, internal affairs reports, New Jersey Victim Notification Forms, training records and polices of the Police Department of the City of Absecon, including but not limited to personnel files, internal affairs files and training records of Officer Kevin Craig and Officer Laura Winkel, which

files are allegedly relevant to the Plaintiff's claims in the above-captioned litigation; and, the parties having consented hereto; and for good cause having been shown,

IT IS on this ___6th___ day of ___MAY___, 2016 **ORDERED** and **ADJUDGED** as follows:

1. The following documents shall be and hereby are designated as "Confidential" material in this litigation:

    a. The contents of the personnel files of employees of the City of Absecon or the City of Absecon Police Department, including but not limited to the files pertaining to Officer Kevin Craig and Officer Laura Winkel, and internal affairs reports of the City of Absecon Police Department shall be and hereby are designated as "Confidential" material in this litigation.

    b. Training files and New Jersey Victim Notification Forms of the City of Absecon Police Department.

    c. Records designated as confidential pursuant to the provisions of N.J.S.A. 47:1A-1 et seq., as amended and supplemented, any other law, regulation promulgated under the authority of any statute or Executive Order of the Governor of New Jersey, resolution of both houses of the Legislature of New Jersey, Executive Order of the Governor of New Jersey, Rules of Court, or any Federal law, Federal regulation, or Federal order, including but not limited to N.J.A.C. 13:1E-3.2.

    d. Other similarly sensitive documents, things or information, including but not limited to those that contain trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, contains

2

private or confidential personal information, contains information received in confidence from third parties, or which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

All counsel and parties shall treat all documents concerning personnel files, internal affairs reports and New Jersey Victim Notification Forms of City of Absecon or the City of Absecon Police Department as "Confidential", unless otherwise ordered by the Court, and same need not be marked "CONFIDENTIAL". With regard to any other materials, any party to this litigation or any third party covered by this Order, who produces or discloses any **Confidential** material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or

3

"ATTORNEYS' EYES ONLY – SUBECT TO DISCOVERY CONFIDENTIALITY ORDER/ PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court or any other Court of competent jurisdiction. It is however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of **Confidential** material, provided that such advice and opinions shall not reveal the content of such **Confidential** material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. **Confidential** material and the contents of **Confidential** material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A. The form, Exhibit A, must be sent to all counsel in this case. Counsel to the parties are responsible for taking reasonable measures to control, consistent with this stipulation, disclosure of the substance or contents of any "Confidential" material. Such reasonable

measures shall include, at a minimum, informing any person to whom disclosure is made pursuant to this Paragraph, of the restrictions or disclosure contained in this stipulation.

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure or deponent has information or knowledge relating to the information deemed confidential, to which extent, the deponent may be asked questions regarding facts contained in the confidential information but not shown the confidential material itself absent exception hereto;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5. **Confidential** material shall be used only by individuals permitted access to it under Paragraph 4. **Confidential** material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of **Confidential** material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated **Confidential**, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as **Confidential**, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    (a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    (b) If a dispute as to a **Confidential** or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged

designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

10. If the need arises during trial or at any Hearing before the Court for any party to disclose **Confidential** or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of any **Confidential** material that should have been designated as such or is generally and widely accepted as confidential, even absent designation and should have been designated as such at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated **Confidential** within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order / Protective Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving

8

party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be **Confidential** material under this Discovery Confidentiality Order / Protective Order.

14. This Discovery Confidentiality Order / Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order / Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Discovery Confidentiality Order / Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by a Court of competent jurisdiction or by the written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing **Confidential** material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing **Confidential** material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to provisions of this Discovery Confidentiality Order / Protective Order and with the exception of those documents required to be retained under the Rules of Professional Conduct pertaining to practicing attorneys in the State of New Jersey and for the time required thereto. To the extent a party requests the return of **Confidential** material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

17. The attorneys for these Defendants may redact social security numbers, phone numbers and personal addresses and family information prior to submitting materials or files to Plaintiff, consistent with L. Civ. R. 5.2. Counsel shall discuss other information which may need to be redacted and, if unable to be resolved, counsel shall make the appropriate application to the United Stated District Court Magistrate Judge.

18. All material identified as "Confidential" pursuant to paragraphs 1 & 2 shall not be used by any party for any purpose other than the conduct of this litigation.
19. Information disclosed at a deposition may be designated as "Confidential" only if it mentions the "Confidential" information provided for in paragraphs 1 & 2 by either:
    a. Indicating on the record at the deposition that portions of the testimony are "Confidential" and are subject to the provisions of this stipulation, and/or
    b. by notifying all parties or counsel who attended such deposition in writing within thirty (30) days of the receipt of the transcript as to those pages and lines that contain "Confidential" material in accordance with paragraph 6.

    In either event, all information disclosed at a deposition shall be treated as "Confidential" until thirty (30) days after receipt of the transcript by attorneys for the parties. The Court Reporter shall make two (2) copies of the transcripts when "Confidential" documents are concerned, one copy with the "Confidential" documents and one without them.
20. When any "Confidential" material drawn from documents or information is presented, quoted, or referenced in any deposition, hearing, or other proceeding, counsel for the offering party shall make arrangements, or when appropriate, request the Court to make arrangements, to ensure that only persons qualified by this Discovery Confidentiality Order to receive "Confidential" materials are present during such presentation, quotation or reference. Plaintiffs and expert(s),

retained on their behalf, upon execution of the Confidentiality Agreement, as proposed and appended hereto, shall be permitted to attend and participate in any deposition, hearing, or other proceeding, unless otherwise agreed to by counsel for the parties or by Order of the Court.

21. This Discovery Confidentiality Order does not address the procedures to be followed, or the protection to be afforded, any "Confidential" material in the event a motion is filed with "Confidential" material attached or in the event of a trial in this matter, and nothing contained in this Order shall be in conflict with the provisions of L. Civ. R. 7.1;

22. Should the need arise, counsel may make further applications to the Court for any deviations from this Discovery Confidentiality Order.

23. Nothing contained in this Discovery Confidentiality Order shall effect counsel's right to deem any document(s) as "privileged" and, therefore, not discoverable.

24. This Discovery Confidentiality Order is subject to all the provisions of L. Civ. R. 5.3 and shall be subject to modification by a Judge or Magistrate Judge at any time.

25. Information that is part of a public record may not be deemed confidential.

26. If a party requests the return of confidential documents from the Court, they shall file a Motion requesting this relief at the conclusion of the case.

IT IS FURTHER ORDERED that a copy of this Discovery Confidentiality Order shall be served upon all counsel within ten (10) days of receipt.

27. This Consent Discovery Confidentiality Order / Protective Order may be signed in counterparts.

_____
Ann Marie Donio, U.S.M.J.

We hereby consent to the form, substance, and entry of the within Discovery Confidentiality Order.

Reynolds & Horn, P.C.

Date: 3/29/16    BY: _____
Thomas B. Reynolds, Esq.
Counsel for Defendants, Officer Kevin Craig, Officer Laura Winkel, City of Absecon Police Department, and City of Absecon

Date: 3/29/16    BY: _____
Robert D. Herman, Esq.
Counsel for Plaintiffs, Rohit Surti and Jayshri Surti

13